IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SEBRINA WORTHINGTON, | ) | Civil No. 25-00472 DKW-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | PLAINTIFF'S COMPLAINT FOR |
| | ) | FAILURE TO PROSECUTE AND |
| RAISING CANES PANDA | ) | COMPLY WITH A COURT ORDER |
| RESTAURANT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE
TO PROSECUTE AND COMPLY WITH A COURT ORDER

On November 5, 2025, Plaintiff Sebrina Worthington ("Plaintiff") filed an unsigned Complaint for a Civil Case ("Complaint") against Defendant Raising Canes Panda Restaurant ("Defendant").  ECF No. 1.  The court instructed Plaintiff to return a signed copy to the Clerk's Office as soon as possible.  *See* Advisory Entry issued on November 5, 2025.

That same day, the court also issued a Deficiency Order because Plaintiff did not submit a filing fee or application to proceed *in forma pauperis* with the Complaint.  ECF No. 2.  The Deficiency Order advised Plaintiff that she "must either pay the statutory filing fee of $350.00 and the administrative fee of $55.00, or submit a fully-completed *in forma pauperis* application" within 28 days of the

filing of the Deficiency Order. *Id.* at 1. The Deficiency Order also warned Plaintiff that "[f]ailure to do so will result in **AUTOMATIC DISMISSAL**, of this action for failure to prosecute or otherwise follow a court order." *Id.* at 1–2 (citations omitted).

On April 13, 2026, Plaintiff submitted a signed copy of the Complaint. ECF No. 8. Plaintiff, however, has not paid the filing fee or submitted a fully-completed *in forma pauperis* application.

A district court may dismiss on its own motion an action for failure to comply with court rules or orders or to prosecute the action. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In determining whether dismissal is appropriate, district courts consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024) (citation omitted).

The Court finds that the factors support dismissal of this action. The public's interest in the expeditious resolution of cases strongly favors dismissal, as does the Court's need to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d

639, 642 (9th Cir. 2002). This action has been pending for over six months. Allowing this action to sit idle would prejudice Defendant because Plaintiff has offered no explanation for the delay and "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id*. at 643 (citation omitted); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 991–92 (9th Cir. 1999).

In addition, there are no less drastic alternatives available. The court has already warned Plaintiff that the action would be dismissed if she did not comply with the court's instructions, i.e., pay the filing fee or submit an application to proceed *in forma pauperis*. This Court is recommending dismissal without prejudice, a less drastic sanction than a dismissal with prejudice. This factor therefore counsels in favor of dismissal. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1237 (9th Cir. 2006) (recognizing that warnings can satisfy the "availability of less drastic sanctions" factor).

Finally, the Court recognizes that public policy favors the disposition of cases on their merits, and this factor thus weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. This Court finds, however, that because four of the factors weigh in favor of dismissal, this final factor is outweighed. Accordingly, dismissal is appropriate.

3

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint for failure to prosecute and comply with a court order.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 27, 2026.

Kenneth J. Mansfield
United States Magistrate Judge

*Worthington v. Raising Canes Panda Restaurant*, Civil No. 25-00472 DKW-KJM, Findings and Recommendation to Dismiss Plaintiff's Complaint for Failure to Prosecute and Comply With a Court Order